UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUNDREY ANDERSON,<br>Plaintiff,<br>v.<br>TRIMARK ERF, INC.,<br>Defendant. | Case No. 18-cv-02123-HSG<br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br>Re: Dkt. No. 6 |

Pending before the Court is a motion to compel arbitration filed by Defendant TriMark ERF, Inc. ("TriMark"). Dkt. No. 6. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the following reasons, the Court GRANTS Defendant's motion.

## I. BACKGROUND

On April 6, 2018, Plaintiff Aundrey Anderson, who was employed by Defendant between October 24, 2016 and January 27, 2017 as a warehouse worker, filed this lawsuit against Defendant, alleging various claims for discrimination, harassment, and retaliation. Dkt. No. 1 ("Compl."). As a condition of his employment, Plaintiff was required to sign a "Confidentiality and Arbitration Agreement." Dkt. No. 8 ¶¶ 10–13, Ex. D ("AA"). The Arbitration Agreement, by its terms, "applies to all disputes relating to termination of employment, unlawful discrimination or alleged sexual harassment or other unlawful harassment." AA. On May 21, 2018, Defendant moved to compel arbitration of all Plaintiff's claims based on the Arbitration Agreement.

## II. LEGAL STANDARD

### A. Arbitrability

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.,* sets forth a policy favoring arbitration agreements and establishes that a written arbitration agreement is "valid, irrevocable,

and enforceable." 9 U.S.C. § 2; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983) (noting federal policy favoring arbitration). The FAA allows that a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that . . . arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Federal policy is "simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.,* 489 U.S. 468, 476 (1989). Courts must resolve any "ambiguities as to the scope of the arbitration clause itself . . . in favor of arbitration." *Id.*

Arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In analyzing whether an arbitration agreement is valid and enforceable, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2." *Doctor's Assoc., Inc. v. Casarotto,* 517 U.S. 681, 687 (1996). In interpreting the validity and scope of an arbitration agreement, courts apply state law principles of contract formation and interpretation. *See Wolsey, Ltd. v. Foodmaker, Inc.,* 144 F.3d 1205, 1210 (9th Cir. 1998).

When considering a motion to compel arbitration, the Court is limited to determining (1) whether a valid arbitration agreement exists, and, if so (2) whether the arbitration agreement encompasses the dispute at issue. *Cox v. Ocean View Hotel Corp.,* 533 F.3d 1114, 1119 (9th Cir. 2008). If these conditions are satisfied, the court must compel arbitration. 9 U.S.C. § 4; *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985) ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration.").

**B. Unconscionability**

California Civil Code § 1670.5 provides: "If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made, the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the

2

unconscionable clause, or it may so limit the application of the unconscionable clause so as to avoid any unconscionable result." Cal. Civ. Code § 1670.5(a).

An otherwise valid arbitration agreement is enforceable separate and apart from the rest of the contract. *Buckeye Check Cashing v. Cardegna,* 546 U.S. 440, 445–46 (2006). Therefore, if the arbitration provisions themselves are not unconscionable, they must be enforced. *Lucas v. Gund,* 450 F.Supp.2d 1125, 1130 (C.D.Cal.2006).

Under California law, an agreement is enforceable unless it is both procedurally and substantively unconscionable. *Armendariz v. Foundation Health Psychcare Svcs. Inc.,* 24 Cal. 4th 83, 114 (2000). Procedural and substantive unconscionability need not be present in equal amounts. *Id.* The two are evaluated on a "sliding scale," which means that the more evidence of procedural unconscionability there is, the less evidence of substantive unconscionability is needed to render the agreement unenforceable, and vice versa. *Id.*

For Fair Employment and Housing Act (FEHA) claims and wrongful termination claims, a contract of "arbitration must meet certain minimum requirements, including neutrality of the arbitrator, the provision of adequate discovery, a written decision that will permit a limited form of judicial review, and limitations on the costs of arbitration." *Armendariz*, 24 Cal. 4th at 90–91.

### III. DISCUSSION

Plaintiff does not dispute that the Arbitration Agreement is governed by the FAA, or that Plaintiff's claims fall within the Agreement's scope. *See* Dkt. No. 13. Rather, Plaintiff contends that the Arbitration Agreement is unenforceable because it does not include each term required by the California Supreme Court in *Armendariz*. *Id.* at 2.

#### A. Procedural Unconscionability

Plaintiff makes no argument as to procedural unconscionability in his opposition. *See* Dkt. No. 13. However, California courts have found arbitration clauses presented as a condition of employment without the opportunity for the prospective employee to negotiate to be contracts of adhesion. *Armendariz*, 24 Cal. 4th at 114–115; *see also Farrar v. Direct Commerce, Inc.*, 9 Cal. App. 5th 1257, 1267 (Ct. App. 2017), *review denied* (June 14, 2017) (finding some degree of procedural unconscionability in employment contract where employee "had no opportunity to

negotiate over the arbitration provision."). Because Defendant presented the form contract as a condition of employment from a position of superior bargaining power, the procedural unconscionability prong is satisfied.

### B. Substantive Unconscionability & *Armendariz* Factors

Other than its mandatory nature, no additional evidence of procedural unconscionability appears on the face of the Arbitration Agreement or in the conditions surrounding its execution. "Where there is no other indication of oppression or surprise, the degree of procedural unconscionability of an adhesion agreement is low, and the agreement will be enforceable unless the degree of substantive unconscionability is high." *Ajamian v. CantorCO2e, L.P.*, 203 Cal. App. 4th 771, 796 (2012).

The Arbitration Agreement is silent on essentially every substantive issue outside of its own scope. *See* AA. Defendant contends that, because the Arbitration Agreement is subject to the FAA and/or the CAA, under *Armendariz*, silence on any issue required for a valid arbitration agreement demands that the agreement be construed to include "such procedures as are necessary" to allow Plaintiff to vindicate his statutory rights. *Armendariz*, 24 Cal. 4th at 106; Dkt. No. 6 at 10–11; Dkt. No. 14 at 4–5. Plaintiff notes that, unlike the arbitration agreement in *Armendariz*, the Arbitration Agreement in this case does not explicitly incorporate provisions of the CAA, and therefore does not provide for any of the *Armendariz* factors explicitly or implicitly. Dkt. No 13 at 4–5.

*Armendariz* holds that, absent preclusive language, an arbitration agreement will be construed to include "such procedures as are necessary to vindicate" a plaintiff's claim. *Armendariz*, 24 Cal. 4th at 106, 107, 112 (addressing requirements of adequate discovery, written findings, and costs). Here, the Arbitration Agreement does not address any of the *Armendariz* factors, and therefore must be construed to incorporate all procedures necessary for Plaintiff to vindicate his discrimination and wrongful termination claims. Those procedures include the selection of a neutral arbitrator, availability of discovery, the production of written findings, limitations on the costs of arbitration to Plaintiff, as well as any other procedural requirements under the FAA. As a result, the Court cannot find any substantively unconscionable elements

4

within the Arbitration Agreement, and the Agreement is not invalid for that reason.

## IV. CONCLUSION

Because the Arbitration Agreement is valid and enforceable, and Plaintiff's claims undisputedly fall within its scope, the Court **GRANTS** Defendant's motion to compel arbitration. This action is hereby **STAYED** pending resolution of the arbitration. The parties shall file a joint report regarding the status of the arbitration proceeding 90 days from the date of this order, and every 90 days thereafter until that proceeding is concluded. The parties also are directed to jointly notify the Court within 48 hours of the conclusion of the arbitration proceeding. The clerk is directed to administratively close the case.

**IT IS SO ORDERED.**

Dated: 8/28/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge